# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

(Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                    Middle Initial        Last Name

_____

Street Address

_____

County, City                          State                  Zip Code

_____

Telephone Number                      Email Address (if available)

**B.   Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                State                      Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                State                      Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                                State                      Zip Code

Defendant 4:

_____
First Name                    Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

|  |  |
|---|---|
|  | /s/ Donald Lord |
| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |
|---|---|---|

| Street Address |
|---|

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:
☐ Yes   ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

**<u>Defendant Information</u>**

Defendant 1: Project Renewal
   200 Varick Street,
   New York, NY 10013

Defendant 2: CORE Services Group
   45 Main Street, Suite 711, Brooklyn, NY
   718-801-8051
   info@coresvcs.org

Defendant 3: Sera Security Services, LLC
   2804 3rd Ave., The Bronx, NY, 10455
   718-828-1600

Defendant 4: NYC Dept of Homeless Services

Defendant 5: The City of New York

Defendant 6: NYC Human Resources Administration

Defendant 7: Sabrina Soto
   Program Director of Core Services Group
   45 Main Street, Suite 711, Brooklyn, NY
   718-801-8051
   info@coresvcs.org

Defendant 8: Dianne Flourival
   Case Manager of Core Services Group
   45 Main Street, Suite 711, Brooklyn, NY
   718-801-8051
   info@coresvcs.org

Defendant 9: Ms. Destine
   Case Manager of Core Services Group
   45 Main Street, Suite 711, Brooklyn, NY
   718-801-8051
   info@coresvcs.org

Defendant 10: Ms. Jackson
   Case Manager of Core Services Group
   45 Main Street, Suite 711, Brooklyn, NY
   718-801-8051
   info@coresvcs.org

Defendant 11: Ms. Fonier
   Case Manager of Core Services Group
   45 Main Street, Suite 711, Brooklyn, NY
   718-801-8051
   info@coresvcs.org

Defendant 11: Pedro Crespo
    Program Coordinator of City of NYC Human Resources Administration

Defendant 12: Jane Doe Police Officer # 1

Defendant 13: Jane Doe Police Officer # 2

Defendant 14: John Doe Security Guard # 1 at Project Renewal Fort Washington Men's
Shelter

Defendant 15: Jane Doe Doctor #1 at Project Renewal Fort Washington Men's Shelter

Defendant 16: Robert Tablizy
45 Main Street, Suite 711, Brooklyn, NY
718-801-8051
info@coresvcs.org

## Facts[1]

1. Plaintiff Donald Lord ("Plaintiff"), proceeding pro se, filed claims against Defendants Project Renewal, CORE Services Group, Sera Security Services, NYC Dept of Homeless Services, NYC Human Resources Administration, and seven individual defendants as listed above.

### Plaintiff's Disability and Defendant's Failure to Accommodate it

2. Plaintiff has been living in shelters since March 2017 and the shelters he has lived in include, but not limited to, 30th street Men's Shelter, Super Eight Shelter in Brooklyn, Holiday Inn Shelter Exterior St in Bronx, Project Renewal Fort Washington Men's Shelter, Bergen House Senior Transitional Residence in Brooklyn, Praxis Third Ave Shelter in Brooklyn, and Willow Shelter in Bronx.

3. Plaintiff is disabled in that he has cardiomyopathy and atrial fibrillation. These conditions interfere with the daily life activities of, among others, walking and staying awake. He suffers from symptoms including, but not limited to, shortness of breath and fatigue.

4. On or about March 7, 2017, Plaintiff lived in the 30th Street Men's shelter. While he was living there, he slept in a room with no ventilation, which led to physical discomforts of Plaintiff due to his health conditions.

5. On or about March 14, 2017, Plaintiff started living in the Super Eight shelter on 3rd ave, Brooklyn. There was no sufficient ventilation in his room and all windows were shut, which led to physical discomforts of Plaintiff due to his health conditions. Plaintiff filed for grievances but never received any replies to his request for accommodation.

6. While living in Bergen House, Plaintiff requested accommodation to have bed rest after breakfast and lunch per his doctor's note on his heart conditions. Plaintiff was provided with the accommodation, which was the access to his room after breakfast and lunch, for a year after the request, but was later told by a staff member that according to a new rule of DHS, "he would no longer enjoy the bed rest after breakfast and lunch." Plaintiff filed for grievances but never received any response to his request for accommodation.

7. Because the shelter did not allow exceptions to the purported DHS policy to accommodate Plaintiff's disability, its behavior violated disability discrimination laws.

8. On information and belief, the policies enacted by the City, DHS and HRA preventing shelter residents from resting in the shelter after meals constitute disability discrimination because there was no process to allow Plaintiff to rest in the facility as reasonably required to accommodate his disability.

9. Even before the change of rules, Plaintiff often felt his accommodation need for bed rest was disregarded. Once, a security guard at Bergen House noticed that he was in his room during the time when all residents were not allowed to stay in the rooms

---

[1] This document was prepared with help from the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York.

based on the policy of the shelter and threatened to drag him out of the room. The security guard called a shelter staff member and said that he needed to cuff him in order to get him out of the room. The shelter staff member later came and explained to the security guard that Plaintiff was allowed to stay, and the security guard left eventually.

10. In or around October 2019, Plaintiff lived in Willow Shelter in Bronx. During his time there, he said there was no ventilation in his room and the poor air condition made him feel hard to breath due to his health conditions. Plaintiff complained about the impact of poor ventilation on his physical health but never received any response to his request for accommodation.

## Other Failures to Accommodate Plaintiff's Disability

11. In or around December 2019, Plaintiff lived in Project Renewal Fort Washington Men's Shelter. During his time in Fort Washington Men's Shelter, Plaintiff felt he was harassed by a "blonde lady doctor" who told him that he could not store his supplements, which were used to treat his heart conditions, in his locker and "they can destroy the supplements". Another doctor, Robert Tablizy, asked him to submit a description of the supplements for further review. Plaintiff told the doctors that his supplements were allowed to be stored in lockers without any problems in the shelters he previously resided in. Plaintiff filed grievances with Project Renewal for the failure to accommodate his medical needs, but didn't receive any formal responses to his requests.

## Harassment by Shelter Security Guards

12. In or around December 2019, Plaintiff lived in Project Renewal Fort Washington Men's Shelter. During his time in Fort Washington Men's Shelter, Plaintiff felt he was harassed by a "blonde lady doctor" who told him that he could not store his supplements in his locker and "they can destroy the supplements". Another doctor, Robert Tablizy, asked him to submit a description of the supplements for further review. Plaintiff told the doctors that his supplements were allowed to be stored in lockers without any problems in the shelters he previously resided in. Plaintiff filed grievances with Project Renewal for the failure to accommodate his medical needs, but didn't receive any formal responses to his requests.

13. lway. The staff member treated Plaintiff rudely and eventually left after finding nothing suspicious.

14. On or around January 10, 2020, Plaintiff was attacked by another person who also lived in the shelter and Plaintiff's left arm was broken after the attack. A security guard of Sera security approached him shortly after the incident and tried to force him to stand up by pulling up on his injured left arm. Plaintiff was sent to a nearby hospital and had to wear splint on his left arm for 12 weeks.

## Harassment by Shelter Employees

15. In or around March 2018, Plaintiff lived in Bergen House Senior Transitional Residence. During his time in Bergen House, Plaintiff was verbally harassed about his family in Uganda by Sabrina Soto, the manager of the shelter, and Dianne Flourival, the case manager of Plaintiff for 6 months. Plaintiff handed his grievances about the verbal abuse to Ms. Sato, but never heard back from her on the status of his grievances.

16. On or about June 2019, Plaintiff was asked to "back up" by Mr. Harvey, who worked in the cafeteria of Bergen House, when he was waiting in line for lunch and about to approach to the serving table. A Core Services group supervisor asked him to "respectfully back up" after he did nothing but comply with Mr. Harvey's request.

17. In or around October 2019, Plaintiff lived in Willow Shelter in Bronx. When he was taking a walk in the backyard of the shelter, a staff of the shelter noticed that and told him that he was not supposed to be there. Plaintiff said two NYPD female officers didn't allow him to enter the shelter he lived in during that time unless he answered some questions. They asked him why he was in the backyard of the shelter. After Plaintiff refused to answer the question, the officers grabbed him and dragged him aside. The supervising officer arrived shortly afterward, broke up the parties, and told Plaintiff that he was free to enter the shelter and didn't need to answer the question.

18. In or around 2020, Plaintiff lived in Holiday Inn Shelter in Bronx. On or around November 27, 2020, Plaintiff met with Pedro Crespo, who is a program coordinator of the City of New York Department of Homeless Services, and said Crespo yelled at him with F words, saying "you stupid motherf*****,"and ordered him to leave. Crespo didn't wear masks while they were talking and Plaintiff felt that his health was put under risk. Plaintiff filed grievances for the verbal abuse, but didn't receive replies.