UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Donald A. Lord,<br><br>                             Plaintiff,<br><br>         -against-<br><br>City of New York et al.,<br><br>                             Defendants. | 1:20-cv-03890 (LTS) (SDA)<br><br>**AMENDED ORDER** |

**LAURA TAYLOR SWAIN, United States District Judge:**

Plaintiff Donald Lord, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* ("ADA"), the Fair Housing Act, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* ("FHA") and the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.* (Am. Compl., ECF No. 53.) By Order dated May 15, 2020, the Court granted Plaintiff's request to proceed in forma pauperis. (Order, ECF No. 5.) Plaintiff has been living in various shelters since March 2017 and asserts claims arising from the conditions of those shelters (some of which were operated by Project Renewal or CORE Services Group) and the actions of the shelters' staff as well as employees of the New York City Department of Homeless Services ("DHS"), the New York City Human Resources Administration ("HRA") and Sera Security (a private security firm). (See id.)

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court

lacks subject-matter jurisdiction. See Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## DISCUSSION

**I.      DHS and HRA**

The Court already has dismissed DHS as a defendant in this action because an agency of the City of New York, like DHS, is not an entity that can be sued. See N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); Ghouneim v. DHS, No. 1:19-CV-0748, 2019 WL 1207857, at *1 (S.D.N.Y. Mar. 13, 2019), appeal dismissed, No. 19-658, 2019 WL 4409920 (2d Cir. June 20, 2019). The Court now also dismisses HRA, which also is an agency of the City of New York, for the same reasons. The Court notes that the City of New York is itself a named defendant. The Court therefore dismisses the plaintiff's claims against DHS and HRA. See 28 U.S.C. § 1915(e)(2)(B)(ii).

**II.     Doe Defendants**

Under Valentin v. Dinkins, a pro se litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the Second Amended Complaint, Plaintiff supplies sufficient information to permit Project Renewal to identify the Jane Doe Doctor at Fort Washington Men's Shelter (described as the "blonde lady doctor"), but fails to provide sufficient information regarding the John Doe Security Guard and the two Jane Doe police

officers. Plaintiff also asserts claims against several individual defendants who are identified only by a single name and names Pedro Crespo as a defendant, but does not provide a service address. Accordingly, it is hereby ordered that within thirty days of the date of this Order:

1. Project Renewal must ascertain the identity of the Jane Doe Doctor whom Plaintiff seeks to sue here and the address where the defendant may be served.

2. CORE Project Group must identify the individual defendants identified by a single name: Ms. Destine, Ms. Jackson and Ms. Fonier, and the address where each defendant may be served.

3. The City of New York must provide the address where Pedro Crespo may be served.

4. Plaintiff is directed to provide defendants and the Court with more detailed, descriptive information to assist the City of New York, Project Renewal and/or Sera Security in identifying John Doe Security Guard and the two Jane Doe police officers. If Plaintiff cannot provide additional information at this time, in the alternative, he may be able to amend the complaint consistent with Rule 15 of the Federal Rules of Civil Procedure once he conducts discovery and determines the date of the incident and other information.

Once the parties provide the required information, the Court will, if necessary, issue a further order regarding service and/or the need for Plaintiff to file an amended pleading.

### III. Service On Other Newly Added Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. Walker v. Schult, 717 F.3d. 119, 123 n.6 (2d

Cir. 2013 ); see also 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on the newly added defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant at the following addresses:

1. CORE Services Group
   45 Main Street, Suite 711
   Brooklyn, NY 11201

2. Sabrina Soto
   Program Director of Core Services Group
   45 Main Street, Suite 711
   Brooklyn, NY 11201

3. Dianne Flourival
   Case Manager of Core Services Group
   45 Main Street, Suite 711
   Brooklyn, NY 11201

4. Robert Tablizy
   45 Main Street, Suite 711
   Brooklyn, NY 11201

The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

Finally, now that Plaintiff has filed a Second Amended Complaint, Sera Security's motion to dismiss the amended complaint (ECF No. 45) is denied as moot.

**CONCLUSION**

The Court dismisses the plaintiff's claims against the New York City Department of Homeless Services and the New York City Human Resources Administration. 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to litigation of the claims regarding those entities as against the City of New York.

The Clerk of Court is directed to electronically notify the New York City Law Department of this Order. The Court requests that City of New York waives service of summons.

The Clerk of Court is further instructed to complete the USM-285 forms with the addresses for defendants CORE Services Group, Sabrina Soto, Dianne Flourival and Robert Tablizy and deliver all documents necessary to effect service to the U.S. Marshals Service.

Within thirty days of the date of this Order (1) Project Renewal must ascertain the identity of the Jane Doe Doctor whom Plaintiff seeks to sue here and the address where the defendant may be served, (2) CORE Project Group must identify the individual defendants identified by a single name: Ms. Destine, Ms. Jackson and Ms. Fonier, and the address where each defendant may be served, (3) the City of New York must provide the address where Pedro Crespo may be served. and (4) Plaintiff must provide defendants and the Court with more detailed, descriptive information to assist the City of New York, Project Renewal and/or Sera Security in identifying John Doe Security Guard and the two Jane Doe police officers.

Defendant Sera Security's motion to dismiss the amended complaint (ECF No. 45) is denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. Cf.

Coppedge v. United States, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully requested to mail copy of this Order to the pro se Plaintiff.

This Order resolves docket entry no. 45.

**SO ORDERED.**

DATED:   New York, New York
         April 5, 2021

                                    /s/ Laura Taylor Swain
                                    LAURA TAYLOR SWAIN
                                    United States District Judge