**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**Donald A. Lord,**

                              **Plaintiff,**

            **-against-**

**City of New York et al.,**

                              **Defendants.**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___10/25/2022___
```

**1:20-cv-03890 (LTS) (SDA)**

**ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

The Court is in receipt of a Letter Motion filed by Defendants seeking guidance as to how to proceed due to concerns regarding Plaintiff's ability to participate in this litigation. (Letter Motion, ECF No. 153 (redacted version); ECF No. 155 (sealed version).) To the extent Defendants' motion can be construed as a request that the Court inquire into Plaintiff's capacity to sue under Federal Rule of Civil Procedure 17(c), such motion is denied.

"Rule 17(c) does not require a district court to make a *sua sponte* determination of competency whenever a question exists regarding a plaintiff's mental capacity." *Graham v. Moran*, No. 21-CV-03973 (LTS), 2021 WL 5166071, at *2 (S.D.N.Y. Nov. 5, 2021) (quoting *Perri v. City of New York*, 350 F. App'x 489, 491 (2d Cir. 2009)); *see also Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 201 (2d Cir. 2003) (Rule 17 does not "obligate[] a district court to monitor a pro se litigant's behavior for signs of mental incompetence."). "Instead, the duty to consider whether Rule 17(c) applies is triggered by 'evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally

incompetent.'" *Graham*, 2021 WL 5166071, at *2 (quoting *Ferrelli*, 323 F.3d at 201 (holding that the duty to appoint guardian ad litem or issue another appropriate order "arises after a determination of incompetency.")); *see also Lewis v. Newburgh Hous. Auth.*, 692 F. App'x 673, 674 (2d Cir. 2017) (noting that the duty to appoint a representative exists only with "actual documentation or testimony of the pro se litigant's mental incompetency" (internal quotation marks omitted)).[1] The record in this case does contain "any documentation or other evidence of incompetency sufficient to trigger" the Court's obligation to investigate Plaintiff's competence *sua sponte*, or to appoint a guardian under Rule 17(c)(2). *See id*. Indeed, as set forth during the most recent telephone conference, despite asserted short-term memory problems, Plaintiff asserts that he is able to litigate this case and his conduct up until this point suggests the same. The Court also is mindful that the power to appoint a guardian "is limited by the Due Process Clause because plaintiffs 'possess[ ] liberty interests in avoiding the stigma of being found incompetent . . . and in retaining personal control over the litigation[.]" *Chapman v. Ring's End, Inc.*, No. 3:17-CV-01084 (VAB), 2020 WL 3430350, at *6 (D. Conn. June 23, 2020) (citing *Bowen v. Rubin*, 213 F. Supp. 2d 220, 224 (E.D.N.Y. 2001)). For these reasons, the Court will not inquire into Plaintiff's competency.

Defendants are encouraged to make appropriate and reasonable accommodations to Plaintiff with regard to the taking of Plaintiff's deposition. To the extent that Defendants are concerned with Plaintiff's future participation in discovery, they retain the usual tools for

---

[1] "Technically, an incompetent plaintiff sues by a prochein ami, or 'next friend,' and an incompetent defendant defends by a guardian ad litem[,]" however, "[b]ecause the duties and powers of both types of representatives are identical . . . the term guardian ad litem is often used to refer to the representative appointed to a plaintiff or defendant." *Ferrelli*, 323 F.3d at 198 n.1 (internal citation omitted).

ensuring compliance and addressing disputes. Certainly, Plaintiff's *pro se* status does not relieve him of his duty to diligently advance his case, and failure to do so could result in sanctions, up to an including dismissal under Federal Rule of Civil Procedure 41(b) for failure to prosecute. *See, e.g., Norman v. City of New York*, No. 20-CV-05560 (LTS), 2022 WL 3354707, at *7 (S.D.N.Y. Aug. 12, 2022) ("Every litigant—whether pro se or represented—has an obligation to prosecute his claims diligently.") (citing *Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994)). Plaintiff is encouraged to continue to seek assistance from the New York Legal Assistance Group Clinic. As a reminder, an unrepresented party can make an appointment by filling out the intake form on the Court's website, *see* https://nysd.uscourts.gov/attorney/legal-assistance, or by calling 212-659-6190 and leaving a message.

The deadline for the completion of discovery remains December 20, 2022. As previously indicated, extensions shall be granted for good cause shown.

**SO ORDERED.**

DATED:          New York, New York
                October 25, 2022

_____
STEWART D. AARON
United States Magistrate Judge